IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KAYLIE GENTRY, | )( | |
| | )( | |
| *Plaintiff,* | )( | CIVIL ACTION NO.:3:16-cv-246 |
| | )( | |
| V. | )( | JURY TRIAL |
| | )( | |
| GALVESTON, TEXAS, and | )( | ORIGINAL COMPLAINT |
| OFFICER LOPEZ, INDIVIDUALLY, | )( | |
| | )( | |
| *Defendants.* | )( | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Plaintiff KAYLIE GENTRY complaining of Defendants GALVESTON, TEXAS, and OFFICER LOPEZ, INDIVIDUALLY, and will show the Court the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Galveston County, Texas, within the United States Southern District of Texas, Galveston Division.

### PARTIES

3. Plaintiff Kaylie Gentry is a resident of Harris County, Texas.

4. Defendant Galveston, Texas is a governmental unit existing within the U.S. Southern District of Texas and can be been served with process by serving the Galveston City

Secretary Janelle Williams at 823 Rosenberg, Suite 201, Galveston, TX 77550.

9. Defendant Officer Lopez, Individually, is a Galveston, Texas police officer who can be served with process at 601 54th St, Galveston, Texas 77551.

## FACTS

10. Kaylie Gentry ("Kaylie") is a nurse, 27 years old and has never been convicted of a crime in her life. Kaylie is 5 foot, 3 inches tall. She has a BSN from the University of Texas Health Science Center. Prior to the events described herein Kaylie enjoyed yoga and tap, jazz, hip hop, ballet, lyrical, and modern dance.

11. February 6, 2016, Kaylie was with friends at Tsunami's, a bar in Galveston. Around 1:50 AM Kaylie and her friends began to leave the bar. As Kaylie was leaving the bar one friend was not immediately behind Kaylie so Kaylie stopped to wait for her. A Galveston police officer in uniform ("Officer Lopez") approached Kaylie and told Kaylie to leave. Kaylie explained she was waiting on her friend who was coming shortly. Officer Lopez then loudly told Kaylie to leave. Then Officer Lopez forcefully grabbed under Kaylie's right arm and threw her to the ground. Kaylie began screaming due to excruciating pain in her lower left leg and left foot. Kaylie could not move her left leg or left ankle due to extreme pain. Officer Lopez left the scene as Kaylie was screaming in pain and bar staff came to help Kaylie.

12. Kaylie left the bar with her friends holding her up and eventually using piggyback as no weight could be put on her left leg and foot. Later that day Kaylie went to Clear Lake Regional Hospital where she was diagnosed with a broken fibula and also the tibia had been wrenched free from the fibula where it connects at the ankle. Eventually, a metal plate was attached to the fibula and a permanent metal connection was installed to reposition the bones appropriately. This took two surgeries. Kaylie was in a splint and air boot for over 14 weeks. Kaylie went through about three months of painful physical therapy. Kaylie was out of work for six months.

13. A painful growth formed in Kaylie's left foot which required surgical removal.

14. Kaylie is still in pain with inflammation in the left lower leg and in the left foot which has caused interruption of her normal gait. She cannot dance or do other things she used to enjoy as of the filing of this lawsuit.

15. These events caused Kaylie past and likely future pain and suffering, as well as including at least disfigurement, anxiety, depression, lost sleep, fear, embarrassment, anger, loss of enjoyment of life, physical disability, lost wages and compromised mobility.

16. In 2008 former Houston Astros pitcher Brandon Backe was injured along with several wedding party guests when they were assaulted by Galveston police officers. A federal jury in the U.S. Southern District of Texas, Hon. Keith Ellison presiding, ruled that four Galveston, Texas, police officers used excessive force to break up the party. Nine Galveston police officers were suspended without pay and four received written reprimands after the October 5, 2008, incident at the San Luis Resort and Conference Center.

17. March 19, 2013, Reginald Davis, was kicked and punched by Galveston police officers and his face was held down in the Gulf waters near the seawall in Galveston, Texas. Davis was hit by a Taser and was brought down by an officer. Minutes later, more officers reportedly arrived to help and a dash cam caught the arrest on video which showed at least 20 fist strikes and three kicks to the face and Davis' head was held under water. While he was being beaten Mr. Davis was not resisting arrest. Davis has a cast on his arm.

18. Galveston, and its police department, have a long history of acts of police brutality, excessive use of force, intimidation, and false reports. A media report in 2008 noted a log of over 55 police brutality charges during the previous six years including officers throwing a media photographer to the ground, arresting him, and placing him in jail for "interfering with a police officer," while photographing an arrest at Mardi Gras (photographer acquitted); a 2004

incident of misuse of deadly force; and the conviction of a Galveston Police officer for kidnapping and rape after the incident occurred while the officer was on duty.

## CAUSES OF ACTION

### Violations of the Fourth and Fourteenth Amendments

19. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20. The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV.* Fourth and Fourteenth Amendment violation are actionable under 42 U.S.C. Section 1983.

21. Defendant Lopez violated the Kaylie's Fourth Amendment and Fourteenth Amendments rights, at least, when he detained and threw Kaylie to the floor of the bar causing her serious injuries.

### Policy, Practice, Custom and Procedure/Ratification

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. Kaylie had her rights violated and was injured due to the policies, practices, customs and procedures of the Galveston Police Department including at least:

   a. failure to train its officers;

   b. failure to discipline officers for excessive force;

   c. a culture of using excessive force;

   d. failure to supervise;

   e. a code of silence;

f.      a pattern of excessive force; and

g.      ratification of uses of excessive force.

## PUNITIVE DAMAGES

24.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

25.     All individuals sued are liable for punitive damages as they were consciously indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEY'S FEES

26.     Kaylie is entitled to recover attorneys' fees and costs to enforce her Constitutional rights and under 42 U.S.C. Sections 1983 and 1988, from Defendants.

## JURY TRIAL

27.     Kaylie demands trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kaylie Gentry requests that the Court:

A.      Enter judgment for Plaintiff against Galveston, Texas and each and every individually name defendant;

B.      Find that Plaintiff is the prevailing parties in this case and award attorneys' fees and costs, pursuant to federal law, as noted against defendants;

C.      Award damages to Plaintiff for the violations of her Constitutional rights;

      D.      Award Pre- and post-judgement interest;

      E.      Award Punitive damages against all individually named defendants; and

      F.      Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows herself entitled.

> RESPECTFULLY SUBMITTED
> LAW OFFICE OF RANDALL L KALLINEN PLLC
>
> /s/ *Randall L. Kallinen*
>
> Randall L. Kallinen
> State Bar of Texas No. 00790995
> U.S. Southern District of Texas Bar No.: 19417
> 511 Broadway Street
> Houston, Texas 77012
> Telephone:   713/320-3785
> FAX:              713/893-6737
> E-mail:AttorneyKallinen@aol.com
> Attorney for Plaintiff