UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Kaylie Gentry | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-cv-00246 |
| | § | |
| Officer Lopez, et al | § | |
|    Defendant | § | |

## DEFENDANTS', CITY AND LOPEZ, OPPOSED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant police Officer Alfredo Lopez and the City of Galveston, Texas, file this motion to dismiss Plaintiff's claims under FED.R.CIV.P. 12(b)(6).

### CERTIFICATE OF CONFERENCE

1. Counsels have conferred and Plaintiff opposes the relief sought. Defendants satisfied this Court's procedure regarding pre-motion conferences. {Docket nos. 19, 20}.

### NATURE AND STAGE OF THE PROCEEDING

2. Officer Lopez is a police officer who has asserted the defense of qualified immunity and the City of Galveston is a governmental entity that may only be held liable under 42 U.S.C. § 1983 for unconstitutional acts the City itself committed. Since the allegations in Plaintiff's complaint fail to meet the pleading standard required under FED.R.CIV.P. 12(b)(6), to state a claim for relief, Defendants' move for dismissal of Plaintiff's claims.

TABLE OF CONTENTS

CERTIFICATE OF CONFERENCE ................................................................................ 1

NATURE AND STAGE OF THE PROCEEDING ........................................................... 1

TABLE OF CONTENTS ...................................................................................................i

TABLE OF AUTHORITIES ............................................................................................iii

ISSUE ................................................................................................................................ 2

PLAINTIFF'S FACIALLY DEFICIENT ALLEGATIONS ............................................. 2

SUMMARY OF THE ARGUMENT ................................................................................ 2

MOTION TO DISMISS STANDARD .............................................................................. 3

ARGUMENT AND AUTHORITIES ................................................................................ 4

    I.    Plaintiff failed to allege facts that show unconstitutional conduct. .............. 4

        A.    Plaintiff did not allege facts which state a claim under the 4th Amendment based upon any detention or arrest. .............................. 4

        B.    Plaintiff did not allege facts which show that the City committed a constitutional violation. ................................................. 4

            1.    The City cannot be liable for a claim of alleged unlawful detention or arrest because Plaintiff failed to allege facts which show any deprivation of such rights. ........ 4

            2.    No allegation shows an unconstitutional City policy caused a violation of Plaintiff's rights. ................................. 5

    II.    Plaintiff failed to allege facts that overcome qualified immunity................. 9

        A.    Plaintiff does not allege facts which show that Officer Lopez violated clearly established law by pushing Plaintiff when she refused to exit the bar. ........................................................................... 9

    III.    Plaintiff has not alleged any claim under Texas law, but purports to assert supplemental jurisdiction on an unknown basis. ............................. 10

CONCLUSION AND PRAYER ...................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................................ 11

TABLE OF AUTHORITIES

Federal Court Cases
*Allen v. City of Galveston*,
    2008 WL 905905 (S.D. Tex. 2008) ............................................................................... 8
*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................. 3, 9, 10
*Babb v. Dorman*,
    33 F.3d 472 (5th Cir. 1994) ..................................................................................... 4, 9
*Baker v. Putnal*,
    75 F.3d 190 (5th Cir. 1996) ......................................................................................... 8
*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007) .......................................................................... 3
*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.), *cert. denied*, 472 U.S. 1016
    (1985) ...................................................................................................................... 6, 7
*Board of County Commissioners of Bryan County, Oklahoma v. Brown*,
    520 U.S. 397, 117 S. Ct. 1382 (1997) ..................................................................... 5, 9
*Burns-Toole v. Byrne*,
    11 F.3d 1270 (5th Cir.), *cert. denied*, 512 U.S. 1207 (1994) ...................................... 4
*Carter v. Diamond URS Huntsville*,
    175 F.Supp.3d 711 (S.D. Tex. 2016) ........................................................................... 8
*City of Los Angeles v. Heller*,
    475 U.S. 797, 106 S. Ct. 1571 (1986) ......................................................................... 5
*Converse v. City of Kemah*,
    2016 WL 5942932 (S.D. Tex. 2016) ........................................................................... 8
*Cruz v. City of Galveston*,
    2012 WL 256 8159 (S.D. Tex. 2012) .......................................................................... 8
*Dartmouth Review v. Dartmouth College*,
    889 F.2d 13 (5th Cir. 1989) ......................................................................................... 3
*Day v. Rogers*,
    260 Fed.Appx. 692 (5th Cir. 2007) ............................................................................. 8
*Erinle v. City of Houston*,
    2011 WL 1884065 (S.D. Tex. 2011) ........................................................................... 8
*Flores v. City of Palacios*,
    381 F.3d 391 (5th Cir. 2004) ....................................................................................... 4
*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*,
    390 F.3d 400 (5th Cir. 2004) ....................................................................................... 7
*Joiner v. Murphy*,
    2016 U.S. Dist. LEXIS 107701 (S.D. Tex. 2016) ....................................................... 8
*Malley v. Briggs*,
    475 U.S. 335, 106 S. Ct. 1092 (1986) ................................................................... 9, 10

*Manis v. Lawson*,
  585 F.3d 839 (5th Cir. 2009) .................................................................................... 9
*McKee v. City of Rockwall*,
  877 F.2d 409 (5th Cir.), *cert. den'd*, 493 U.S. 1023 (1990) ........................................ 5
*Mendenhall v. Riser*,
  213 F.3d 226, 231 (5th Cir. 2000) ............................................................................. 9
*Mossey v. City of Galveston*,
  94 F.Supp.2d 793 (S.D. Tex. 2000) ...................................................................... 8, 9
*Neu v. City of Galveston*,
  2013 U.S. LEXIS 115306 (S.D. Tex. 2013) .............................................................. 8
*Oliver v. Scott*,
  276 F.3d 736 (5th Cir. 2002) ................................................................................ 3, 9
*Ontiveros v. City of Rosenberg*,
  564 F.3d 379 (5th Cir. 2009) ..................................................................................... 9
*Papasan v. Allain*,
  478 U.S. 265, 106 S.Ct. 2932 (1986) ..................................................................... 6, 7
*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001) ............................................................................ 6, 7, 8
*Prince v. Curry*,
  423 Fed. Appx. 447 (5th Cir. 2011) ........................................................................... 8
*R2 Investments LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) ..................................................................................... 7
*Rios v. City of Del Rio*,
  444 F.3d 417 (5th Cir. 2006) ..................................................................................... 5
*Saucier v. Katz*,
  533 U.S. 194, 121 S. Ct. 2151 (2001) ...................................................................... 10
*Schultea v. Wood*,
  47 F.3d 1427 (5th Cir. 1995) ..................................................................................... 4
*Siegert v. Gilley*,
  500 U.S. 226, 111 S.Ct. 1789 (1991) ......................................................................... 9
*Snyder v. Trepagnier*,
  142 F.3d 791, 795 (5th Cir.1998) .............................................................................. 5
*Spann v. Tyler Independent School District*,
  876 F.2d 437 (5th Cir. 1989) ..................................................................................... 5
*Spiller v. City of Texas City*,
  130 F.3d 162, 167 (5th Cir.1997) .............................................................................. 6
*Thompson v. City of Galveston*,
  1998 U.S. App. LEXIS 39661 (5th Cir. 1998) .......................................................... 8
*Whitley v. Hanna*,
  726 F.3d 631 (5th Cir. 2013) ..................................................................................... 8

Federal Statutory Authorities
42 U.S.C. § 1983 .............................................................................................................. 8

28 U.S.C. § 1367 ............................................................................................................... 10

Federal Rules and Regulations

Fed.R.Civ.P. 8.................................................................................................................... 9
Fed.R.Civ.P. 8(a)(2) .......................................................................................................... 3
Fed.R.Civ.P. 12(b)(6) ........................................................................................................ 2

ISSUE

3.     Defendants move the Court to dismiss Plaintiff's claims because she has not alleged facts which can support any claim for relief that is plausible on its face.

PLAINTIFF'S FACIALLY DEFICIENT ALLEGATIONS

4.     Plaintiff alleges Officer Lopez used excessive force by pushing Plaintiff after she refused to leave a bar. Plaintiff alleges she fell to the ground as a result of the alleged push. {Docket no. 17, ¶ 7}.

SUMMARY OF THE ARGUMENT

5.     The factual allegations in Plaintiff's complaint do not meet the standard required to state a claim. Plaintiff has not alleged facts which show she was detained or arrested and her allegations show otherwise. The allegations in Plaintiff's complaint also fail to show that any City policy caused Officer Lopez to treat Plaintiff as she alleges. {Docket no. 17, ¶¶ 12-16}.

6.     Furthermore, assuming Plaintiff's allegations to be true, for consideration of this motion, Plaintiff has failed to allege facts which show every objective police officer would have known that merely pushing Plaintiff after she refused to leave the bar would have clearly violated clearly established law that would divest Officer Lopez of his presumed qualified immunity.

7.      A fundamental protection of the qualified immunity defense is that Officer Lopez has the right to have his claim to qualified immunity resolved at the earliest possible

stage in the litigation. FED.R.CIV.P. 12(b)(6), appropriately applied, provides that first available venue for vindication of his immunity.

## MOTION TO DISMISS STANDARD

8. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).

> Determining whether a complaint states a plausible claim for relief will, [], be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id*. at 1950 (quoting FED.R.CIV.P. 8(a)(2)) (internal citation omitted).

9. Although the pleading requirements of the Federal Rules of Civil Procedure are low, they are real and the threshold for stating a claim for relief requires factual allegations regarding each material element necessary to sustain recovery under an actionable legal theory. *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (5th Cir. 1989). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court is not required to accept mere legal conclusions as true, instead a complaint "must be supported by factual allegations." *Id*.

10. Additionally, to state a claim against a police officer performing law enforcement duties, a plaintiff must satisfy a heightened pleading standard. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). "The burden is on the plaintiff to overcome a defendant's

defense of qualified immunity." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.), *cert. denied*, 512 U.S. 1207 (1994).

11. When qualified immunity is raised, like here, "the complaint must state with *factual detail and particularity* the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (emphasis added); *Schultea v. Wood*, 47 F.3d 1427, 1432-34 (5th Cir. 1995) (en banc). The meager factual allegations in Plaintiff's complaint fail to meet the standard.

## ARGUMENT AND AUTHORITIES

**I.  Plaintiff failed to allege facts that show unconstitutional conduct.**

    **A.  Plaintiff did not allege facts which state a claim under the 4th Amendment based upon any detention or arrest.**

12. In ¶ 19 of Plaintiff's complaint, she asserts she was detained in violation of her rights but the factual allegations in her complaint show she was not detained at all. Claims of alleged unlawful detention must be analyzed separately from a claim of alleged use of excessive use of force, *Flores v. City of Palacios*, 381 F.3d 391, 403 (5th Cir. 2004) and Plaintiff's allegations do not provide notice of any basis for a detention claim.

    **B.  Plaintiff did not allege facts which show that the City committed a constitutional violation.**

        **1.  The City cannot be liable for a claim of alleged unlawful detention or arrest because Plaintiff failed to allege facts which show any deprivation of such rights.**

13. The City cannot be liable for a claim of alleged unlawful detention or arrest because Plaintiff was not deprived of any such right. When a plaintiff is not the victim of a deprivation, it is irrelevant whether a city policy would have authorized the alleged conduct. *City of Los Angeles v. Heller*, 475 U.S. 797, 811, 106 S. Ct. 1571, 1573 (1986); *Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir. 2006); *McKee v. City of Rockwall*, 877 F.2d 409, 414 (5th Cir.), *cert. den'd*, 493 U.S. 1023 (1990).

### 2. No allegation shows an unconstitutional City policy caused a violation of Plaintiff's rights.

14. Furthermore, even if Plaintiff had alleged facts which plausibly show that Officer Lopez violated Plaintiff's rights, the City could only be held liable under § 1983 for those acts for which is the City itself actually responsible. *Spann v. Tyler Independent School District*, 876 F.2d 437, 438 (5th Cir. 1989). The Supreme Court has recognized very narrow circumstances in which a municipality may be held liable for the conduct of its employees, even if such conduct is unconstitutional. *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir.1998). A city may only be liable under § 1983 if the execution of governmental policy causes a constitutional deprivation. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997).

15. Therefore, in order to state a claim against the City, Plaintiff must allege facts which show a City policy existed that actually caused Officer Lopez to violate Plaintiff's rights. In light of controlling jurisprudence, Plaintiff's claims against the City fail because he has not alleged **any facts** which: (1) identify an unconstitutional governmental policy; (2) connect an alleged unconstitutional policy to the City; or (3) show that Plaintiff's

claimed constitutional injury was suffered because of the execution of the City's unconstitutional policy. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

16. To avoid dismissal for failure to state a claim, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir.1997). The City is entitled to insist that Plaintiff clearly identify a specific unconstitutional policy for which the City's policymaker could be held liable, *Piotrowski v. City of Houston*, 237 F.3d 567, 578-581 (5th Cir. 2001), and the Plaintiff has certainly failed to do so here. Plaintiff has entirely failed to identify any unlawful policy or deliberate indifference of the City's policymaker during February 2016, when the Plaintiff claims to have sustained an injury. Plaintiff primarily relies entirely on stale, conclusory assertions based upon long ago dated allegations that involved completely different City policymakers. Even if the assertions Plaintiff makes regarding alleged events that occurred eight years ago in 2008 and before could reasonably be construed as competent factual allegations, they cannot show a claim against the City based upon Plaintiff's claim in 2016.

17. Plaintiff's response to this ground for dismissal raised in a prior motion to dismiss is simply listing one alleged use of force in 2014 and one alleged use of force in 2016. Docket no. 17, ¶¶ 15-16}. The Court is "not bound to accept as true a [Plaintiff's] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). Plaintiff does not provide any factual information about these uses

of force which could plausibly support the allegation they show an unconstitutional City policy. *See Spiller*, 130 F.3d at 167 and *Bennett v. City of Slidell*, 728 F.2d 762, 767-768 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). The City is entitled to insist that Plaintiff clearly identify a specific unconstitutional policy for which the City's policymaker could be held liable, *Piotrowski*, 237 F.3d at 578-581, and the Plaintiff has failed to do so.

18. Moreover, those stale events and accusations were fully litigated in *Backe v. Le Blanc*, *Civil Action 10-cv-388*, and that litigation concluded with final judgment in favor of the City of Galveston and all individual defendants.[1] {*Exs. A, B, C*}. Regardless, the City's policies in 2008 cannot serve to support Plaintiff's claims eight years later when there are no factual allegations that show the stale alleged policies now exist.

19. Additionally, mere accusations that unspecified police officers allegedly used excessive force against Reginald Davis in 2013, likewise fails to support Plaintiff's claim against the City based upon its policies in 2016. In addition to being stale as to policymaker and thus policies, the assertions regarding Davis do not implicate any unconstitutional City action and Davis' allegations too resulted in judgment in favor of the City and the police officers who arrested Davis. {*Ex. D, Civil Action G-13-287*}.

---

[1] It is appropriate for a District Court to take judicial notice of public records when considering a motion to dismiss, particularly when these records are central to Plaintiff's claims. *See Papasan v. Allain*, 478 U.S. 265, 269, 106 S.Ct. 2932, 2935 n.1 (1986); *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005); *Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004).

20. Plaintiff's resort to these irrelevant matters and mere accusations[2] does not support her claim against the City in this case. Plaintiff's complaint does not include factual allegations, and certainly not "specific facts," showing the City's conduct was unconstitutional. Plaintiff has failed to identify any unconstitutional policy of the City's policy maker in force in 2016 when Officer Lopez encountered the Plaintiff that caused Officer Lopez to violate Plaintiff's rights. In recitations of no more than the *bare legal elements* of a potential cause of action under 42 U.S.C. § 1983, Plaintiff asserts no more than bare unsupported conclusory assertions of alleged inadequate City conduct. Plaintiff certainly doesn't allege *facts* showing the existence of any unconstitutional City policy that caused a constitutional deprivation. Plaintiff, therefore, obviously fails to state a claim for which relief could be granted against the City. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001); *Whitley v. Hanna*, 726 F.3d 631, 637-649 (5th Cir. 2013); *Prince v. Curry*, 423 Fed. Appx. 447, 449-452 (5th Cir. 2011); *Spiller*, 130 F.3d at 167; *Joiner v. Murphy*, 2016 U.S. Dist. LEXIS 107701 (S.D. Tex. 2016); *Converse v. City of Kemah*, 2016 WL 5942932 (S.D. Tex. 2016); *Carter v. Diamond URS Huntsville*, 175 F.Supp.3d 711, 7320735 (S.D. Tex. 2016); *Erinle v. City of Houston*, 2011 WL 1884065 (S.D. Tex. 2011).

---

[2] Plaintiff has not alleged facts showing **even one** judgment having been entered against the City of Galveston based upon a City policy causing a police officer to use excessive force, and the public records are replete with judgments in favor of the City on such claims. *See Day v. Rogers*, 260 Fed.Appx. 692, 695 (5th Cir. 2007); *Thompson v. City of Galveston*, 1998 U.S. App. LEXIS 39661 (5th Cir. 1998); *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996); *Neu v. City of Galveston*, 2013 U.S. LEXIS 115306 (S.D. Tex. 2013); *Cruz v. City of Galveston*, 2012 WL 2568159 (S.D. Tex. 2012); *Allen v. City of Galveston*, 2008 WL 905905 (S.D. Tex. 2008); *Mossey v. City of Galveston*, 94 F.Supp.2d 793, 799 (S.D. Tex. 2000).

**II.     Plaintiff failed to allege facts that overcome qualified immunity.**

   **A.     Plaintiff does not allege facts which show that Officer Lopez violated clearly established law by pushing Plaintiff when she refused to exit the bar.**

21.    Even if Plaintiff's allegations could reasonably be construed to show that Officer Lopez engaged in unconstitutional conduct, Plaintiff's claims nonetheless fail to overcome qualified immunity.[3] *See Oliver*, 276 F.3d at 742. Plaintiff has not alleged facts which show that no objective police officer could reasonably have believed Officer Lopez's alleged push was within the bounds of appropriate action under the specific circumstances of this case when the Texas Alcoholic Beverage Code forbids patrons to remain on a premise license to sell alcoholic beverages after the premise closes. *See Brown*, 623 F.3d at 253; *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 385 (5th Cir. 2009); *Manis v. Lawson*, 585 F.3d 839, 846 (5th Cir. 2009); *Mendenhall v. Riser,* 213 F.3d 226, 231, (5th Cir. 2000); *Babb,* 33 F3d at 477. This fundamental pleading failure is fatal to Plaintiff's claims because when officers of reasonable competence could disagree as to whether the alleged conduct violated a plaintiff's rights, immunity remains intact. *See Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096 (1986).

---

[3]    The Supreme Court's "rejection of the careful-case-management approach [of permitting unauthorized discovery without requiring a sufficient complaint] is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity." *Iqbal*, 129 S.Ct. at 1953. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id.* (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, 111 S.Ct. 1789 (1991) (Kennedy, J., concurring in judgment). "There are serious and legitimate reasons for this." *Id*. Therefore, a governmental official is denied important protections of the qualified immunity defense if subjected to discovery when a complaint is deficient under FED.R.CIV.P. 8. *Iqbal*, 129 S.Ct. at 1954.

22. Plaintiffs' allegations fail to address this issue and even if they met the first prong of the test under Rule 12, the *factual* allegations still do not plausibly give rise to an entitlement to relief, as is necessary to support a claim under the necessary standard. *See Iqbal*, 129 S.Ct. at 1949. Even a, non-conclusory factual allegation in a complaint does not plausibly suggest an entitlement to relief when it can show conduct that is **compatible with lawful conduct**. *Id*.

23. An inference of unconstitutional conduct "is not a plausible conclusion" to infer when, as here, "an "obvious alternative explanation" for the governmental acts exists. *Id*. at 1951. Thus, a merely conceivable claim is not necessarily plausible. *Id*. Plaintiff's allegations fail to overcome qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 2155-56 (2001).

**III.   Plaintiff has not alleged any claim under Texas law, but purports to assert supplemental jurisdiction on an unknown basis.**

24. In ¶ 1 of Plaintiff's complaint, she asserts supplemental jurisdiction through 28 U.S.C. § 1367 but does not allege facts which identify any claim brought under Texas law. Defendants, therefore, have no notice of a claim asserted through supplemental jurisdiction so this latent claim must be dismissed before it later appears from obscurity.

## CONCLUSION AND PRAYER

25. Plaintiff's allegations do not state a claim for which relief can be granted so Defendants ask the Court to dismiss Plaintiff's suit.

                Respectfully submitted,

                /s/ *Norman Ray Giles*
                WILLIAM S. HELFAND
                Attorney-in-Charge
                SBOT: 09388250
                NORMAN RAY GILES
                SBOT: 24014084

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 3rd day of April, 2017.

Randall Lee Kallinen
Attorney at Law
511 Broadway St
Houston, TX 77012
713-320-3785
Email: attorneykallinen@aol.com

                /s/ *Norman Ray Giles*