UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Kaylie Gentry<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:16-cv-00246 |
| | § | |
| Officer Lopez, et al<br>    Defendant | §<br>§<br>§ | |

DEFENDANTS', CITY AND LOPEZ, REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant police Officer Alfredo Lopez and the City of Galveston, Texas, reply to Plaintiff's response to Defendants' motion to dismiss as follows:

ARGUMENT AND AUTHORITIES

**A.    Plaintiff's frivolous objections reveal she seeks to subject Defendants' to burdens of suit without having stated a claim.**

1.    The erroneous legal standards Plaintiff recited provides no more support for her complaint than do the hollow "factual" allegations she has made. Contrary to Plaintiff's insupportable argument, this Court may properly take judicial notice of public judicial records in evaluating Plaintiff's complaint under FED.R.CIV.P. 12(b)(6). *See* FED.R.EVID. 201; *Papasan v. Allain*, 478 U.S. 265, 268, 106 S. Ct. 2932, 2935 n.1 (1986); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). In addition to items attached to, or incorporated into a plaintiff's complaint, "courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996).

2. This Court "may take judicial notice of another court's judicial action." *Gray ex rel. Rudd v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004); *accord Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995). "[T]he fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice." *Id*. "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007). In determining the plausibility of Plaintiff's allegations, this Court should consider the judicial records before the Court which establish the assertions Plaintiff makes in her complaint do not state a claim for which relief may be granted.

3. While Plaintiff argues foul when required to address actual truthful facts contained in judicial records which clearly reveal the frivolity of subjecting the City to any discovery before Plaintiff's insupportable claims are dismissed, and Officer Lopez is exposed to the to burdens of unnecessary broad ranging discovery, the public records before the Court are also central to Plaintiff's claims and her references to unrelated litigation that has already been resolved through the courts. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

4. Plaintiff seeks to support her claims by relying on allegations made in other lawsuits but judicial orders in those cases establish there was no finding of liability against the City or any police officer, such references to other unproven allegations do not show a plausible claim in this case under the controlling legal standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

5.      The law requires more to state a claim than simply a rote re-recitation of allegations made, and unsuccessfully litigated, in other lawsuits. The response to the rhetorical question Plaintiff posed in her response brief is that this Court absolutely knows the allegations made in the former lawsuits did not result in any judgment against the City of Galveston, the Officer sued in this case, or any other Galveston police officer. To indulge Plaintiff's argument, otherwise, would not conform with the Supreme Court's dictate for handling cases like this against a governmental entity and public servant entitled to the presumption of qualified immunity. *See Iqbal supra*.

6.      But, even if the public judicial orders were not referenced in Plaintiff's complaint, or were not central to her claims, the records are nonetheless judicial records of which this Court may properly take judicial notice when determining whether Plaintiff has stated a plausible claim for relief against each Defendant. *See Gray supra.* These records establish Plaintiff has failed to show the allegations based on past lawsuits establish a plausible claim for relief against the City, or Officer Lopez, in the instant case.

**B.      Plaintiff cannot subject the City to burdens of litigation without alleging facts which state a claim against the City.**

7.      At Page 13 of Plaintiff's brief she invites the Court to shirk its responsibility to evaluate the sufficiency of the allegations in Plaintiff's complaint and, rather, simply permit the Plaintiff to subject the City to costly, unwarranted burdens of litigation without Plaintiff having alleged facts which state a claim for relief against the City. *Iqbal supra* reveals that such wasteful, burdensome, and archaic practice is no longer tolerated.

8. In the past, in lawsuits such as those upon where Plaintiff still seeks to rely, the City was subjected to the type of litigation and discovery abuse Plaintiff seeks to repeat here despite the fact the same never produced any basis for a finding the City committed a constitutional violation. These abusive, costly witch hunts must stop, particularly when everyone involved knows at the outset of litigation that a claim against the City, based on a police officer's discretionary decisions and actions, must, under supreme, circuit, and district court precedent, ultimately be dismissed by the Court. As the Supreme Court has specifically discussed, "culpability" for such a "nebulous" claim" is at its most tenuous where a claim turns on a failure to train." *See Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359 (2011). Police training dictated by Texas law practically forecloses a claim against the City based upon allegations inadequate training caused a police officer to make an arrest without probable cause or use excessive force. *See Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992) *Benavides* and its progeny expressly recognize the prominent role training designed, mandated, and provided by the State of Texas to all police officers serves in resolving § 1983 claims against a governmental entity.

9. The Court can take judicial notice of the statutes of the State of Texas which establish that the State of Texas has delegated the Texas Commission on Law Enforcement (TCOLE) as the agency in Texas responsible for establishing law enforcement officer licensing and training standards and providing officer training to all police officers that is sufficient to prepare them to fulfill the duties entrusted to them. The State of Texas has designated TCOLE as the agency in Texas responsible for establishing

a statewide comprehensive education and training program for police officers so all officers in Texas are trained, through curriculum approved by TCLEOSE. Each deputy employed by the County must have a peace officer through TCOLE, and have ben trained in accordance with the requirements of the State of Texas. Texas statutes show that mandated TCOLE curriculum requires all law enforcement recruits to receive training regarding arrest procedure, use of force and the Constitutional limitations thereon.

10. The State of Texas assures that all peace officers receive this training by charging TCOLE by statutory mandate to provide such training. Specifically, section 1701.251 of the Texas Occupations Code provides that TCOLE "shall establish and maintain training programs for officers." Section 1701.253 further requires that TCOLE "shall establish a statewide comprehensive education and training program on civil rights…" and which "covers the laws of [the state of Texas] and of the United States pertaining to peace officers" for all licensed law enforcement officers in Texas. Section 1701.352(d) additionally requires that, within 24 months of appointment as a supervisor, all law enforcement officer supervisors receive training regarding supervising police officers. Furthermore, sections 1701.307 and 1701.351 provide that, in order to obtain and maintain, a peace officer license in Texas, an officer must satisfactorily meet all TCOLE training and licensing standards.

11. These TCOLE standards have generally been determined by federal courts to meet federal constitutional requirements for police officer training, hiring and supervision. No federal court has held any TCOLE training standard failed to meet constitutional requirements. In fact, several have expressly held it does. *See Roberts v. City of*

*Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005)*; Baker v. Putnal*, 75 F.3d 190, 199-200 (5th Cir. 1996); *Benavides*, 955 F.2d at 973; *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1007 (E.D. Tex. 1997); *Gonzales v. Westbrook*, 118 F.Supp.2d 728, 737 (W.D. Tex. 2000) (collecting cases). Therefore, the City's policymaker can hardly be said to be deliberately indifferent by relying on the sufficiency of these statewide standards. *See id.* Plaintiff has failed to allege any fact which shows a plausible claim against the City. Plaintiff claims against the City should be dismissed without further delay.

**C. Plaintiff has failed to clear the significant hurdle necessary to overcome Officer Lopez's presumed qualified immunity.**

12. Plaintiff's opposition brief shows she either does not understand, or in contradiction of the law seeks to invert, her burden to overcome this presumption of Officer Lopez's immunity. Contrary to Plaintiff's argument, Officer Lopez is presumed immune from suit and Plaintiff bears the burden of alleging facts which disprove Officer Lopez's presumed qualified immunity, *See Saldana v. Garza*, 684 F.2d 1159, 1164-65 (5th Cir.1982). Plaintiff has clearly failed to carry her burden.

13. Defendants fully discussed, in their motion to dismiss, the reasons Plaintiff's pleading allegations are inadequate to disprove Officer Lopez's qualified immunity. However, if the Court finds, after assessing Plaintiff's allegations, that narrowly tailored limited discovery is necessary before the Court can adjudge Officer Lopez's immunity, then Officer Lopez may not be subjected to any broader, unnecessary, intrusions on his right to limited discovery until the court may decide a motion for summary judgment on that issue. *See. Zapata v. Melson*, 750 F.3d 481, 485-486 (2014); *Backe v. LeBlanc*, 691

F.3d 645, 649 (2012); *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1994); *Lion Buolos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

14. Plaintiff's allegations do not state a claim for which relief can be granted against either Defendant so the Court to dismiss Plaintiff's suit. Alternatively, if the Court finds limited discovery is appropriate to address Officer Lopez's immunity, the Court should identify the fact question(s) to be addressed and narrowly tailor that discovery to only that necessary to decide the question of Officer Lopez's qualified immunity.

                Respectfully submitted,

                /s/ *Norman Ray Giles*
                WILLIAM S. HELFAND
                Attorney-in-Charge
                SBOT: 09388250
                NORMAN RAY GILES
                SBOT: 24014084

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas  77046
(713) 659-6767
(713) 759-6830 (Fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 8th day of May, 2017.

Randall Lee Kallinen
Attorney at Law
511 Broadway St
Houston, TX 77012
713-320-3785
Email: attorneykallinen@aol.com

/s/ *Norman Ray Giles*